SALES SERVICE INCORPORATED
d/b/a Brandpow'r International
Ltd., Plaintiff,

v.

DAEWOO INTERNATIONAL (AMERI-
CA) CORP., Defendant.

No. 82–479C(B).

United States District Court,
E.D. Missouri, E.D.

Sept. 29, 1982.

Donald Clooney, St. Louis, Mo., for plaintiff.

William Leyhe, Clayton, Mo., for defendant.

MEMORANDUM

REGAN, District Judge.

For determination is defendant's motion to quash service of process and dismiss this action for lack of personal jurisdiction. Service was had in New Jersey. The issue is whether the facts warrant extraterritorial service under the Missouri Long Arm Statute (Section 506.500 RSMo).

Plaintiff's theory is that defendant transacted business in this state through its agents, plaintiff and its president, Robert H. Laughlin, and so by reason of this agency is subject to long-arm jurisdiction. The amended complaint alleges that on or about May 23, 1978, plaintiff, a Minnesota corporation, whose principal place of business is in Missouri, entered into an agreement with defendant to market and sell defendant's houseware division products in various parts of the United States and to act as a consultant to defendant's housewares division. At that time plaintiff was not licensed to do business in Missouri.

The alleged agreement relied on by plaintiff is an oral one entered into in Dallas, Texas, which is purportedly set forth in a letter (made part of the complaint) which Laughlin as president of Brandpow'r International Ltd. directed to defendant under date of May 22, 1978. Therein Laughlin stated that *he* would accept the position of consultant to defendant's Housewares Division and as such he would immediately interview, appoint and train 12 to 15 manufacturer's representatives and at a later date set up another 12 manufacturer's representatives, and would assist in implementing the sales and marketing plan he had earlier presented to defendant, in an effort to make Daewoo a household name in all the homes of the United States. For Laughlin's efforts, Sales Service, Inc. would receive approximately $40,000 a year plus a 2% override on total sales of the housewares in monthly increments. His letter explained that "(t)he reason that Sales Service receives this money is that Mr. Laughlin is an employer (sic) of Sales Service, Inc., and as acting Consultant to Daewood Housewares his efforts will be on behalf of Dae-

woo International (America) *and* Sales Service, Inc., St. Louis, Missouri."

Brandpower, Inc. had theretofore, in January, 1978, become an *independent* wholesale distributor of defendant's household products throughout the United States, and as such it would purchase and resell the merchandise to various outlets. Several months later, plaintiff took over the operations of Brandpower, Inc. using the fictitious name of Brandpow'r International, Ltd. and continued to operate as a wholesale distributor during the entire time Laughlin was acting as consultant pursuant to the May 22 agreement and presumably thereafter as well.

Based on allegations that plaintiff, through Laughlin, "sold and directed and coordinated the selling of Defendant's houseware products from an office located in St. Louis County, Missouri, and received payments and commissions therefor at said office", plaintiff contends that it was defendant's agent doing plaintiff's business in Missouri as well as conducting its own distributorship business. In effect, plaintiff claims to be wearing two hats.

Basically, it is plaintiff's position that although Laughlin's efforts to interview, select and train sales and marketing representatives were conducted in states other than Missouri, the fact that the office of plaintiff (and of Laughlin its president) where Laughlin and others in his organization could answer inquiries was in St. Louis, resulted in the transaction of business by defendant in Missouri and thus entitled plaintiff to recover through long-arm service for the alleged breach of a three year oral contract by reason of the termination of Laughlin after two years.

After careful consideration of the documents submitted, we have concluded that plaintiff has failed to sustain its burden of showing prima facie the requisite jurisdictional facts to avoid defendant's motion. Whatever rights plaintiff has arose out of the alleged breach of the oral Texas contract with Laughlin to pay plaintiff an override commission on sales made by defendant throughout the United States and

not out of any business transacted in Missouri through plaintiff (or Laughlin, for that matter) as defendant's alleged agent. See Section 506.500(2) RSMo. which mandates that the cause of action sued on must arise out of business transacted in this state.

Accordingly, IT IS HEREBY ORDERED that defendant's motion be and the same is hereby sustained. Service of process is hereby quashed. An order will be entered dismissing this action for lack of personal jurisdiction.