**SALES SERVICE INCORPORATED d/b/a Brandpow'r International Ltd., a corporation, Appellant,**

v.

**DAEWOO INT'L (AMERICA) CORP., a corporation, Appellee.**

**No. 82–2299.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Decided Nov. 1, 1983.

Timothy R. Anderson, Donald H. Clooney, St. Louis, Mo., for appellant.

William H. Leyhe, III, Robert L. Meyer, Clayton, Mo., for appellee.

Before BRIGHT, J.R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Sales Service Incorporated appeals the district court's dismissal of its breach of contract action against Daewoo Int'l (America) Corporation for lack of personal jurisdiction, 549 F.Supp. 196. Because we find that the jurisdictional prerequisites of Missouri and federal law are satisfied, we reverse.

Sales Service, Incorporated, doing business as Brandpow'r International Ltd., is a Minnesota corporation with its principal place of business in St. Louis County, Missouri. Daewoo Int'l (America) Corporation, a New York corporation with its principal place of business in New Jersey, engages in

the wholesale distribution of houseware products. In January 1978, Sales Service became an independent distributor of Daewoo houseware products. In May of 1978, following negotiations in Dallas, Texas, and Carlstadt, New Jersey, Robert H. Laughlin, in his capacity as president of Sales Service, was hired as a consultant to Daewoo's housewares division for a period of three years. Compensation for Laughlin's services was paid directly to Sales Service.

In April of 1980, approximately thirteen months before the parties' contract was to expire, Mr. C.H. Kim, manager of Daewoo's housewares division, notified Laughlin of Daewoo's intent to terminate Laughlin's position with the company effective that month. Sales Service subsequently filed this diversity breach of contract suit in the Eastern District of Missouri. Sales Service claims that Daewoo is subject to the jurisdiction of the Missouri court under Missouri Revised Statute § 506.500 in that its cause of action arises from Daewoo's transaction of business within the State of Missouri by and through Robert Laughlin. Daewoo argues, among other things, that Laughlin's activities within the state were undertaken as an independent distributor of Daewoo products and that Daewoo is not registered to do business in Missouri nor has it ever transacted business within the state. The district court dismissed the complaint for lack of personal jurisdiction, ruling that Sales Service failed to carry its burden of establishing the requisite jurisdictional facts.

■ In order to subject Daewoo to the personal jurisdiction of the Missouri courts, Daewoo's contacts with the forum state must satisfy the requirements of Missouri's long-arm statute and the due process requirement of "minimum contacts." *Scullin Steel v. National Railway Utilization Corp.,* 676 F.2d 309, 312 (8th Cir.1982); *State ex rel. Newport v. Wiesman,* 627 S.W.2d 874, 877–78 (Mo.1982); *M & D Enterprises v. H.C. Fournie,* 600 S.W.2d 64, 68 (Mo.Ct.App. 1980). While a federal court sitting in diversity is bound by the state courts' interpretation of the reach of its long-arm statute, the due process limitations on the state statute are governed by federal law. *Scullin Steel, supra,* 676 F.2d at 311.

Missouri Revised Statute § 506.500 specifies certain acts for which a nonresident defendant can be subjected to the jurisdiction of the Missouri courts. The Missouri Supreme Court stated in *State ex rel. Deere and Co. v. Pinnell,* 454 S.W.2d 889, 892 (Mo.1970), that in enacting section 506.500 the legislature intended "to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment * * *." While the supreme court's statement in *Pinnell* appears effectively to eliminate any need to make a jurisdictional determination under both state and federal law, the statement must be read as referring to "the 'extent permissible' for the act or conduct set forth in the statute, and does not refer to the limits which might be permissible for other conduct not specified in the statute." *State ex rel. Caine v. Richardson,* 600 S.W.2d 82, 85 (Mo.Ct.App.1980). Section 506.500.1(1) permits a Missouri court to exercise jurisdiction over a nonresident corporation where the cause of action asserted arises from the corporation's transaction of business within the state. The statutory phrase "transaction of any business within this state" is liberally construed by the Missouri courts for the purpose of determining questions of long-arm jurisdiction. *Scullin Steel, supra,* 676 F.2d at 312. The Missouri courts have, however, "required some activity, directly or indirectly related to the transaction in question, on the part of the nonresident defendant" within the state. *Id.*

In accordance with the May 1978 agreement, Robert Laughlin hired and trained a substantial number of representatives throughout the United States to distribute Daewoo's products, represented Daewoo Housewares at national trade shows, and implemented a sales and marketing plan for Daewoo Housewares. Home base for the operation of Laughlin's activities, along with the separate operation of Sales Ser-

vice's business as an independent distributor of Daewoo Housewares, was at Sales Service's office in St. Louis, Missouri.

In July of 1978, Daewoo gave Laughlin printed business cards naming him president of Daewoo Housewares and listing corporate addresses and phone numbers for Laughlin in both Carlstadt, New Jersey, and St. Louis, Missouri. These cards were distributed by Laughlin to prospective customers at houseware trade shows throughout the United States. Directory listings of Daewoo at the trade shows named Laughlin as president of the housewares division.

Phone lines, distinct from those utilized in Sales Service's capacity as an independent distributor, were installed in the name of Daewoo Housewares at Sales Service's office in St. Louis and Daewoo Housewares was listed in the St. Louis phone directory as having an address at that location. Daewoo paid for the phone service upon receipt of the bills forwarded from Sales Service. Laughlin utilized these phone lines to conduct the day to day business operations of Daewoo's Housewares division. Daewoo representatives, hired and trained by Laughlin, called in on the Daewoo Housewares line to place orders for Daewoo products or to discuss problems they were having with customer orders or shipping of products by Daewoo. Laughlin and his staff would in turn contact Daewoo personnel in New Jersey to transmit the orders received or to solve problems representatives were having with Daewoo's services. Laughlin contacted Daewoo personnel on a daily basis to discuss various aspects of the business, i.e., inventory, warehousing of products, shipment of goods, and customer complaints. Daewoo and Laughlin corresponded with respect to packaging of the housewares, advertising allowances to customers, pricing structures for products, and sales projections. Laughlin frequently phoned Daewoo sales representatives to discuss sales to date, marketing and promotion of Daewoo housewares, potential customers, and products and sales bulletins. Laughlin corresponded with potential customers on Daewoo's letterhead.

■ We conclude that Daewoo, through activities of its own and through activities of its housewares division president, Robert Laughlin, transacted business in the State of Missouri within the meaning of section 506.500.1(1). Over a two year period, Daewoo continuously and purposefully conducted a significant portion of its American housewares business out of the office of the president of its housewares division in St. Louis.

■ Contrary to the district court's holding, it is our view that the cause of action asserted by Sales Service arises from Daewoo's transaction of business in Missouri. When a state has interpreted its long-arm statute to extend jurisdiction to the maximum reach consistent with due process, the courts must liberally construe the requirement that the cause of action arise from the transaction of business within the state. *B & J Manufacturing Co. v. Solar Industries,* 483 F.2d 594, 598 (8th Cir.1973), *cert. denied,* 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1974). Although the employment contract between Daewoo and Laughlin was negotiated in Texas and New Jersey, Laughlin's obligations under the agreement were performed to a large degree in the State of Missouri and the breach of contract action asserted by Sales Service arises from Daewoo's contacts with Missouri.

We are also satisfied that the nature, quality, and quantity of Daewoo's contacts with the State of Missouri are such that assertion of jurisdiction over Daewoo would not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Daewoo not only installed Laughlin as its divisional president and held him out to the world as having a corporate office in St. Louis, but it financed the St. Louis phone system that was used to solicit business and enhance Daewoo's sales. For a period of two years Daewoo derived an economic benefit from the activities it sponsored within the forum state. In sum, Daewoo "purposefully [availed] itself of the privilege of conducting activities within the forum State * *."

*Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Clearly, "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled into court there." *World Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

Accordingly, the order of the district court granting the motion to dismiss for lack of personal jurisdiction is reversed.