**PIPER ACCEPTANCE CORPORATION, Appellant,**

v.

**W.B. ROUDYBUSH; Ruth Roudybush and Las Vegas Piper, Inc., Appellee.**

No. 84–1658.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1984.

Decided Nov. 14, 1984.

Patricia J. Martin, Des Moines, Iowa, for appellant.

Dennis P. Ogden, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, and ROSS and McMILLIAN, Circuit Judges.

ROSS, Circuit Judge.

Piper Acceptance Corporation (PAC) appeals from an order entered in the district court[1] for the Southern District of Iowa dismissing its complaint against one of the defendants, Las Vegas Piper (LVP) for lack of *in personam* jurisdiction. For the reasons discussed below, we affirm the judgment of the district court.

## FACTS

PAC, a Florida corporation and subsidiary of Piper Aircraft Corporation, provides financing services to independent Piper dealers and their customers. One such independent Piper dealer is the appellee, LVP, a Nevada corporation, with its principal place of business in Las Vegas, Nevada.

In June, 1982, LVP sold an airplane to W.B. and Ruth Roudybush, through their purported agent, Larry Carr. LVP verified Carr's authority by telephoning Roudybush in Iowa, where Roudybush resides. In Nevada, LVP prepared an Aircraft Purchase Agreement and a Retail Installment Contract which provided for a down payment of $10,198.00 and a balance of $398,720.00, plus interest, to be paid in installments. From Nevada LVP mailed by Federal Express these agreements and other related documents to Roudybush at his Iowa address for his signature. Documents containing signatures of Roudybush and his wife were later received by LVP in Nevada. These documents were not necessarily the same as those shipped to Roudybush by Federal Express from LVP. LVP then assigned the installment contract to PAC in exchange for $398,720.00. LVP delivered the airplane to Carr and another purported Roudybush agent in Nevada upon receipt of the down payment from the agents.

Neither the Roudybushes, nor anyone else made any payments to PAC on the installment contract. PAC located the airplane, which had been seized by the United States government in an illegal drug smuggling operation, sold it and incurred a loss of $181,623.37. PAC then brought suit in federal court in Iowa against the Roudybushes who are residents of Iowa, and LVP, the Nevada dealer. The Roudybushes deny that Carr had authority to act on their behalf and deny signing any contract documents, alleging their signatures to be forgeries. LVP filed a motion to dismiss challenging the court's exercise of *in personam* jurisdiction under the due process clause of the fourteenth amendment to the United States Constitution. Following a hearing and briefs on the issue, the district court dismissed LVP from the action because there were insufficient minimum contacts to meet due process requirements. This appeal followed.

## DISCUSSION

The only issue on appeal is whether the district court erred when it determined that under the circumstances of this case, *in personam* jurisdiction could not be obtained over LVP in Iowa. For reversal PAC argues that LVP had sufficient "minimum contacts" with Iowa to permit the exercise of *in personam* jurisdiction over

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

LVP. LVP contends that its contacts do not meet the "minimum contacts" test.

 The "minimum contacts" test is the appropriate analysis to resolve question of *in personam* jurisdiction over nonresident corporate defendants. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* — U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651 (8th Cir.1982). Within a framework of "traditional notions of fair play and substantial justice," *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), this court has at times considered the quantity, nature and quality of the defendant's contacts with the state, the relationship between the cause of action and the contacts, the interest of the forum state and the convenience of the parties. *Land-O-Nod v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338, 1340 (8th Cir.1983); *Mountaire Feeds, supra,* 677 F.2d at 654; *Toro Co. v. Ballas Liquidating Co.,* 572 F.2d 1267, 1270 (8th Cir.1978); *Aaron Ferer & Sons Co. v. Diversified Metals Corp.,* 564 F.2d 1211, 1215 (8th Cir.1977); *see Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8th Cir.1965).

 The quantity, nature and quality of LVP's contacts with Iowa are small in number and insubstantial in form. Two contacts by means of the telephone and Federal Express mail are insufficient, standing alone, to satisfy due process. *See Mountaire Feeds, supra,* 677 F.2d at 655. Although the two contacts are related to PAC's underlying cause of action on the assigned installment contract, LVP's status as a nonresident seller does not constitute the basis for jurisdiction especially, as in this case, when all the elements of its performance took place outside the State of Iowa. *See Iowa Electric Light and Power Co. v. Atlas Corp.,* 603 F.2d 1301, 1303–04 (8th Cir.1979) (citations omitted). Further, the interest of the State of Iowa in providing a forum for this litigation seems minimal. Lastly, PAC's argument that Iowa is the only convenient forum lacks persuasiveness because it has not been demonstrated that a suit against all the defendants could not have been brought in Nevada. *See Hall, supra,* 104 S.Ct. at 1874, n. 13.

We have substantively reviewed the briefs and arguments of the parties, the opinion of the district court and the record before us. We conclude that the district court properly applied the law as enunciated by the Supreme Court and this court to the facts of this case. LVP's two contacts with the State of Iowa simply do not rise to the necessary level of activity conducted within the state so as to permit the assertion of *in personam* jurisdiction over it.

We hold that LVP's contacts with the State of Iowa are insufficient to satisfy the requirements of the due process clause of the fourteenth amendment. Accordingly, we affirm the judgment of the district court.