**The CENTRAL NATIONAL INSURANCE COMPANY OF AMERICA, a corporation, Plaintiff,**

v.

**The INSURANCE CORPORATION OF IRELAND, LIMITED, a corporation, Defendant.**

**No. CV. 84–0–30.**

United States District Court, D. Nebraska.

Nov. 30, 1984.

John R. Douglas, Omaha, Neb., for plaintiff.

Francis P. Matthews, Omaha, Neb., for defendant.

## MEMORANDUM OPINION

SCHATZ, District Judge.

This matter comes on for determination with reference to defendant's motion for change of venue (Filing No. 6) and motion to dismiss (Filing No. 7). After a hearing and careful consideration of the briefs filed in support of and in opposition to said motions, together with the affidavits and exhibits presented in regard thereto, the Court finds that it lacks personal jurisdiction over the defendant and that the complaint should be dismissed.

The facts are these. Plaintiff is a corporation organized and existing under the laws of Nebraska and having its principal place of business in Omaha, Nebraska. Defendant is a corporation organized and existing under the laws of Ireland and doing business worldwide. On or about March 26, 1982, defendant entered into a "blood stock/livestock binding authority" with two individuals identified as cover-holders, namely Peter Meredew and John Harris. Such agreement allegedly authorized those individuals to bind reinsurance contracts on behalf of the defendant. Meredew acted through an entity called R.T.C., Ltd., and Harris acted through an entity called Blood Stock International (Bermuda), Ltd. Plaintiff alleges that pursuant to such authority, Meredew and Harris caused to be issued certain "cover notes" and delivered them to plaintiff's general agent, Frelinghuysen Livestock Managers, Inc. It is alleged that the cover notes provided that defendant agreed to reinsure plaintiff as to certain described risks regarding race horses. Relying on the existence of reinsurance contracts underlying the cover notes, plaintiff's agent wrote insurance on blood stock and livestock in substantial sums with plaintiff. Thereafter, plaintiff submitted claims for losses under the reinsurance contracts and defendant refused to pay such claims.

The present action was subsequently brought under the theory of breach of contract.

Defendant's motion to dismiss states four grounds in support thereof, namely, lack of personal jurisdiction over the defendant, insufficiency of process, insufficiency of service of process, and failure to join a party under Fed.R.Civ.P. 19. The first ground is dispositive of this case. Plaintiff attempted service of process on defendant by certified mail pursuant to the Nebraska Long-Arm Statute, Neb.Rev. Stat. § 25–536 (Supp.1984). That statute provides in pertinent part:

A court may exercise personal jurisdiction over a person:

(1) who acts directly or by an agent, as to a cause of action arising from the person:

(a) transacting any business in this state;

(b) contracting to supply services or things in this state;

\* \* \* \* \* \*

(f) contracting to insure any person, property or risk located within this state at the time of contracting; or

(2) who has any other contact with or maintains any other relation to this state to afford a basis for exercise of personal jurisdiction consistent with the Constitution of the United States.

The reach of a state long-arm statute is a question of state law, and federal courts are required to accept the interpretation given the statute by the State Supreme Court. *Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448 (8th Cir.1984). However, the extent to which the reach of a long-arm statute is limited by due process is a question of federal law. *Sales Service, Inc. v. Daewoo International (Am) Corp.*, 719 F.2d 971, 972 (8th Cir.1983); *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir.1982). With regard to the reach of the long-arm statute, the Nebraska Supreme Court clearly recognizes that the objective behind the statute is to extend the jurisdiction of Nebraska courts over non-resident defendants to the extent permissible under the due process clause of the Fourteenth Amendment. *Stucky v. Stucky*, 186 Neb. 636, 641–42, 185 N.W.2d 656, 659 (1971). Subsection (1)(f) clearly contemplates assertion of jurisdiction over a defendant who contracts to insure a risk located within the State of Nebraska. Defendant's agents did in fact insure its risk of loss with agents of the Nebraska resident plaintiff. However, due process considerations govern whether it is appropriate to require this non-resident defendant to defend the present lawsuit in this forum.

■  The limits of due process are tested by applying the familiar minimum contacts standard, *i.e.*, non-resident defendants must have certain minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Land-O-Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir.1983), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct.

154, 158, 90 L.Ed. 95 (1945). In this circuit, the standard has developed into a consideration of five factors:

(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Aaron Ferer & Sons Co. v. Diversified Metal Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977).

*See also, Piper Acceptance Corp. v. Roudybush*, 748 F.2d 471 at 472 (8th Cir.1984); *Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc., supra,* 747 F.2d at 455–456; *Land-O-Nod Co. v. Bassett Furniture Industries, Inc., supra,* 708 F.2d at 1340; *Mountaire Feeds, Inc. v. Agro Impex, S.A., supra,* 677 F.2d at 654. Such factors, however, do not provide "a slide rule by which fundamental fairness can be ascertained with mathematical precision." *Toro Co. v. Ballas Liquidating Co.*, 572 F.2d 1267, 1270 (8th Cir. 1978). It is well settled, for example, that the last two factors assume a secondary importance and are not determinative. *Aaron Ferer & Sons Co. v. American Compressed Steel Co.*, 564 F.2d 1206, 1210 n. 5 (8th Cir.1977). Nevertheless, the central focus of the inquiry must be upon the relationship between the defendant, the forum and the litigation. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* — U.S. —, —, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), *quoting Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

■  In this connection, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). Therefore, it is a defendant's contacts with the forum

state that are relevant in determining the existence of personal jurisdiction, not its contacts with a resident of that forum. *Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc., supra,* 747 F.2d at 456.

Since personal jurisdiction of this Court over defendant has been controverted, the plaintiff, as the party seeking to invoke the jurisdiction of this Court, "has the burden of establishing that jurisdiction exists and the burden may not be shifted to the party challenging the jurisdiction." *Scullin Steel Co. v. National Railway Utilization Corp.,* 676 F.2d 309, 311 (8th Cir.1982), *quoting Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 490 (5th Cir.1974). Plaintiff herein is unable to meet its burden. First, defendant has had *no contact with the State of Nebraska.* Specifically, defendant is not authorized to do business in Nebraska, has no office or personnel in this state, owns no real property in the state, and does not have an agent for service of process or for any other purpose in this state. In addition, plaintiff has failed to show that defendant has entered into any other contracts with Nebraska residents. Furthermore, the cover notes at issue herein were executed in Bermuda and issued to plaintiff's New Jersey agent.

In support of jurisdiction, plaintiff relies on *McGee v. International Life Insurance Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). In *McGee,* plaintiff, a California resident, was the beneficiary of a life insurance policy originally issued by an Arizona corporation. That policy was subsequently assumed by a Texas insurer. Following the death of the insured, plaintiff obtained a judgment in a California state court and, thereafter, filed suit on that judgment in a Texas court. However, the Texas court refused to enforce the judgment, holding it was void under the Fourteenth Amendment because service of process outside California did not give the California court jurisdiction over defendant. The United States Supreme Court reversed, holding that the due process clause did not preclude the California court from entering a judgment binding on de-

fendant based upon a single contact with that forum. In *McGee,* defendant, although it did not engage in business in the State of California, actively solicited the insured's business. In addition, the contract of insurance was delivered in California, the premiums were mailed from that state, and the insured was a resident of that state when he died.

While in the instant action plaintiff is a resident of the State of Nebraska, and the reinsurance premiums were apparently sent from this state, defendant did not solicit business in this state. Furthermore, the relevant contracts herein were executed and delivered in New Jersey and Bermuda. There is no evidence that defendant contemplated dealing with a Nebraska resident to such an extent that a finding could be made that defendant purposefully availed itself of the privilege of conducting activities within the State of Nebraska. It would be fundamentally unfair to require defendant to defend against the present lawsuit in this forum. *See generally, Piper Acceptance Corp. v. Roudybush, supra,* 748 F.2d at 473.

Accordingly, defendant's motion to dismiss for lack of personal jurisdiction is well taken and a separate order granting the same and dismissing the case is entered this date.