616 F.Supp. 1191 (1985)
CHARLES SCHMITT AND COMPANY, a corporation, Plaintiff,
v.
GRAN PRIX AUTO WHOLESALERS, INC., Defendant.
No. 85-35 C (B).
United States District Court, E.D. Missouri.
August 8, 1985.
*1192 George E. Schaaf, Guilfoil, Petzall & Shoemake, Russell F. Watters, Paul S. Brown, Brown, James & Rabbitt, St. Louis, Mo., for plaintiff.
Marvin Levine, Levine & Poznansky, New York City, Earle B. Leadlove, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
REGAN, District Judge.
This matter is before the Court on motion of defendant Grand Prix Auto Wholesalers, Inc. ("Grand Prix") to dismiss the complaint for lack of personal jurisdiction and to quash service of process.
In considering a motion to dismiss for lack of personal jurisdiction over a nonresident defendant, a federal court sitting in diversity[1] must engage in a two-step inquiry: first, whether state law confers personal jurisdiction over the defendant; and second, whether such an assertion of jurisdiction is consistent with the due process clause of the fourteenth amendment. Sales Service Inc. v. Daewoo International (America) Corp., 719 F.2d 971, 972 (8th Cir.1983); The Land-O-Nod Company v. Bassett Furniture Industries, Inc., 708 F.2d 1338, 1340 (8th Cir.1983); Scullin Steel Co. v. National Railway Utilization Corp., 676 F.2d 309, 312 (8th Cir.1982). The party seeking to invoke federal jurisdiction bears the burden of establishing that personal jurisdiction does exist and that burden may not be shifted to the party challenging the jurisdiction. Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 653 (8th Cir.1982). Greycas, Inc. v. Anderson, 584 F.Supp. 894, 895 (D.C.Mo. 1984); Scullin Steel, 676 F.2d at 311.
Missouri does have a long-arm statute which authorizes jurisdiction over a non-resident defendant. Missouri's statute provides:
1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
(1) The transaction of any business within this state;

*1193 (2) The making of any contract within this state;
(3) The commission of a tortious act within this state;
(4) The ownership, use, or possession of any real estate situated in this state;
(5) The contracting to insure any person, property or risk located within this state at the time of contracting.
2. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
§ 506.500, R.S.Mo. (1982).
Service of process under this statute is effective to extend jurisdiction over non-resident defendants to the limits allowed under the due process clause. State ex rel Deere & Co. v. Pinnell, 454 S.W.2d 889, 892 (Mo.1970) (en banc); See also Rule 4(e) of the Federal Rules of Civil Procedure.
The due process clause of the fourteenth amendment limits the power of a court to exercise personal jurisdiction over a non-resident defendant. The due process clause requires that a defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); Accord, World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); Land of Nod, at 1340. "In judging minimum contacts, a court properly focuses on `the relationship among the defendant, the forum, and the litigation.'" Calder v. Jones, 465 U.S. 783, 104 S.Ct. 1482 at 1486, 79 L.Ed.2d 804 (1984) (citations omitted); Helicopters Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 104 S.Ct. 1868 at 1872, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." World Wide Volkswagen, supra, 444 U.S. at 297, 100 S.Ct. at 567; Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958).
To determine if the exercise of personal jurisdiction violates due process, courts generally consider these five factors: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Aaron Ferer & Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir.1977; Simpson v. DYCON International, Inc., 618 S.W.2d 455, 457 (Mo. App.1981). Land-O-Nod, supra at 1340. The first three factors are of primary importance and the last two are of secondary importance. Land-O-Nod, supra at 1340. Hasty v. Paccar, 583 F.Supp. 1577, 1579 (D.C.Mo.1984).
Defendant Grand Prix is a New York corporation with its principal place of business in the County of Bronx, State of New York. The affidavit of Edward Haskell, President of Grand Prix, states that:
1) Grand Prix has never had and presently does not maintain any office, bank account, mailing address, telephone listing, or other business facility in the State of Missouri.
2) Grand Prix has never had any affiliates or subsidiaries which engaged in business in the state of Missouri.
3) Grand Prix has never owned any property in the State of Missouri, nor has it ever paid or been called upon to pay any Missouri tax.
4) Grand Prix has never placed any advertising in any publication printed or sold in the State of Missouri.
5) Plaintiff's principal officer, Charles Schmitt, purchased the automobile that is the subject of this lawsuit, at defendant's place of business in Bronx, New York.
6) The automobile was delivered to plaintiff FOB New York.
7) Payment for the automobile in question was made to Grand Prix by plaintiff *1194 in New York and title papers were furnished to plaintiff in New York.
Charles D. Schmitt, president of plaintiff, has filed an affidavit in opposition to Grand Prix's motion to dismiss. Schmitt's affidavit states that:
1) Plaintiff has purchased 451 cars from defendant for the sum of $9,222,810.00 during the period of the summer of 1978 through February, 1985.
2) Since the fall of 1982 through February 1985, plaintiff has sold 13 cars to defendant for the sum of $386,525.00.
3) Many of these sales between plaintiff and defendant were consummated by telephone with plaintiff arranging to send a driver to New York to pick up the automobile purchased from Grand Prix or plaintiff arranging to have the car shipped to its place of business in Missouri.
4) Employees of defendant have delivered several cars purchased from defendant in New York to plaintiff at plaintiff's place of business in St. Louis, Missouri.
5) On several occasions, agents, servants, and employees of defendant have visited plaintiff's place of business in St. Louis, Missouri for the purpose of buying cars from plaintiff and for the purpose of selling cars to plaintiff.
6) Defendant paid for many cars purchased from plaintiff by sending a check to plaintiff at its place of business in St. Louis, Missouri.
7) Several cars listed on Exhibit B ("cars sold to Grand Prix by Charles Schmitt & Co.") "were delivered by defendant's employees to plaintiff's place of business in Missouri" (sic).
When considering the Missouri long-arm jurisdiction statute, the phrase "transaction of any business" must be construed broadly. A corporation may be subject to long-arm jurisdiction even though it would not be required to qualify to do business as a foreign corporation. State ex rel. Metal Service Center v. Gaertner, 677 S.W.2d 325, 327 (Mo. banc 1984).
Analyzing the "primary factors" enumerated above, we see that the cause of action herein does not arise out of Grand Prix's contacts with Missouri. The quantity of Grand Prix's contacts with Missouri are minimal and uncertain: Schmitt's affidavit states that plaintiff sold Grand Prix 13 cars over a three year period. No details have been provided concerning these 13 sales, particularly Grand Prix's contacts with Missouri, if any, as a result of these sales. Schmitt's affidavit states that agents, servants, and employees of Grand Prix have visited plaintiff's place of business in St. Louis, Mo. for the purpose of buying cars from plaintiff or for selling cars to it. The affidavit does not state the number of any such visits or the times when such visits occurred, nor does the affidavit state whether any sales or purchases were in fact made on these visits, nor does the affidavit state whether Grand Prix initiated these visits or whether these visits were made at plaintiff's request. The nature and quality of Grand Prix's contacts with Missouri are very uncertain. "The use of the arteries of interstate mail, telephone, railway and banking facilities is insufficient standing alone, to satisfy due process." Aaron Ferer & Sons Co. v. Atlas Scrap Iron, 558 F.2d 450, 453 (8th Cir.1977). Grand Prix sold and delivered the car at issue herein to plaintiff in New York. Payment for the car was made in New York. Title was transferred in New York. The sale appears to have been negotiated in New York. An inference can be raised that Grand Prix knew that the car was destined for Missouri. However, the final destination of the car was unilaterally determined by plaintiff. There appears to be no other nexus with Missouri.
Analyzing the "secondary factors", there is no doubt that Missouri has an interest in providing a forum for its residents. However, that interest is less compelling when the transaction giving rise to the claim takes place principally, if not entirely, outside the state. The convenience of the parties weighs in favor of a New York forum. Grand Prix claims that it cannot assert a purported third party claim *1195 against its vendor in Missouri although it states it would be able to do so in New York.
Therefore, having fully considered the matter, the Court concludes that plaintiff has failed to make a prima facie showing of facts sufficient to support the exercise of personal jurisdiction in this case. Plaintiff has shown us no case wherein a Court found it had personal jurisdiction over a nonresident defendant with similar contacts to the forum as the defendant herein has to Missouri. Thus, while it appears that Grand Prix may have "transacted business" within the State of Missouri, we cannot say that it has sufficient minimum contacts with this forum such that the maintenance of jurisdiction herein would not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Nor can we say that Grand Prix purposefully availed itself of the privilege of conducting business within the state of Missouri, thus invoking the benefits and protections of Missouri's laws. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). We cannot say that Grand Prix's activities within this forum give rise, directly or indirectly to the asserted cause of action. Aluminum Housewares Co. Inc. v. Chip Clip Corp., 609 F.Supp. 358, 361 (D.C.Mo.1984).
Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss for lack of personal jurisdiction be and the same is hereby SUSTAINED.
Additionally, while we concur with plaintiff that section II of defendant's Memorandum in Support of its Motion to Dismiss, alleging faulty service of process in this case, is not warranted by existing law or a good faith argument for the extension, modification or reversal of the same, we do not feel that this memorandum was signed in violation of Rule 11 of the Federal Rules of Civil Procedure. Paragraph 7 of the Complaint could be construed as an attempt to assert jurisdiction in this Court under the Magnuson-Moss Warranty Act.[2] Accordingly, plaintiff's request for the sanction of attorney fees is DENIED.
NOTES
[1] Jurisdiction herein is based on 28 U.S.C. § 1332, (Paragraph 3 of the Complaint). Paragraph 7 of the complaint alleges that defendant violated the Magnuscon-Moss Act, 15 U.S.C. § 2301 et seq. Plaintiff has not alleged that Magnuson Moss confers a separate basis for jurisdiction in this Court. Additionally, were we to find a jurisdictional basis under the Magnuson-Moss, we doubt that plaintiff has stated a claim under the Act since plaintiff does not appear to be a "consumer" as defined in 15 U.S.C. § 2301(3) ("consumer means a buyer [other than for purposes of resale] ...) nor is the automobile in question here a "consumer product" (as defined in 15 U.S.C. § 2301(1)) as to plaintiff.
[2] See footnote 1, supra.