### In re TEXAS PRISONER LITIGATION.

Nos. 98–7110–TX–C–5, (98–4004–CV–C–5).

United States District Court, W.D. Missouri, Western Division.

Feb. 12, 1999.

Dan K. Purdy, Osceola, MO, Robert B. Reeser, Jr., Sedalia, MO, for Charles Bass, Tracy–Brown, Michael Clemmons, Dale Corp, Elmo Davis, Aaron Missey, Augustine A. Mendoza, Michael–Moore, William Gregory Poole, Shelton Rankins, Gary Robinson, Horace Scott, Jr., Charles Shipman, Aaron Simmons, Douglas Taylor, Christopher Williams, Keith Winfrey, Shante Wright.

Dan K. Purdy, Osceola, MO, Robert B. Reeser, Jr., Sedalia, MO, Joseph P. Teasdale, Teasdale & Lafferty, Kansas City, MO, Todd A. Bysfield, Prairie Village, KS, for Andray Wright.

Alana M. Barragan–Scott, Missouri Attorney General's Office, Jefferson City, MO, Denise L. Thomas, Missouri Attorney General's Office, St. Louis, MO, Susan D. Boresi, Missouri Attorney General, St. Louis, MO, for Dora Schriro.

Susan D. Boresi, Missouri Attorney General, St. Louis, MO, for Missouri Department of Corrections.

M. Corinne Corley, Corley Law Firm, Kansas City, MO, for Capital Correctional Resources, Inc.

M. Corinne Corley, Corley Law Firm, Kansas City, MO, for Wilton David Wallace.

James D. Conkright, Blackwell Sanders Matheny Weary & Lombardi LLP, Overland Park, KS, Allan V. Hallquist, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, M. Corinne Corley, Corley Law Firm, Kansas City, MO, Henry W. Prejean, Ronald L. Barclay, Donald Stephens, Angleton, TX, Amanda K. Miller, Angleton, TX, for Brazoria County, Texas.

Allan V. Hallquist, Blackwell Sanders Peper Martin, LLP, Kansas City, MO, for John Willy, Joe King.

Denise Garrison McElvein, Missouri Attorney General's Office, St. Louis, MO, for Stan Brown.

Mary K. Wolf, Austin, TX, for Transcor America Inc.

Thomas M. Mingus, Walther, Antel, Stamper & Mingus, Columbia, MO, for Gary Allen.

David S. Baker, Sherman, Taff & Bangert, P.C., Kansas City, MO, for Karen Cunningham.

Elizabeth H. Weber, Knight, Ford, Atwill, Parshall & Baker, Columbia, MO, for Alan Earls.

Alana M. Barragan–Scott, Missouri Attorney General's Office, Jefferson City, MO, Denise L. Thomas, Missouri Attorney General's Office, St. Louis, MO, Susan D. Boresi, Missouri Attorney General, St. Louis, MO, for Brian Goeke, Michael Groose, George Lombardi.

## ORDER

LAUGHREY, District Judge.

Plaintiffs are Missouri prisoners who were transferred from Missouri state-penal institutions to a penal institution in Brazoria County, Texas. Their transfer and confinement was done pursuant to a contract between the State of Missouri and Brazoria County whereby Brazoria County agreed to house and supervise the Missouri prisoners in exchange for money. The Plaintiffs allege that they are third-party beneficiaries of that contract and that Brazoria County has breached the contract. In addition, the Plaintiffs assert a § 1983 claim that they were subjected to cruel and unusual punishment in violation of the Eighth Amendment while they were incarcerated in Brazoria County.

On December 17, 1998, the United States Magistrate Judge recommended Defendant Brazoria County's May 18 and July 24, 1998, motions to dismiss for lack

of personal jurisdiction be denied. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C). A de novo review of the record, including the exceptions filed by Brazoria County on January 15, 1999, convinces the Court that the recommendation of the Magistrate Judge is correct.

## I. LONG ARM STATUTE

In its exceptions, Defendant Brazoria County first objects to the Magistrate's finding that the requirements of the Missouri long-arm statute have been satisfied. The applicable section of the Missouri long-arm statute provides that a nonresident defendant is subject to personal jurisdiction in Missouri "... as to any cause of action arising from ... the making of any contract within this state." Mo.Rev. Stat. § 506.500. Missouri caselaw is clear that the purpose of the long-arm statute is "to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." *State ex rel. Deere & Company v. Pinnell,* 454 S.W.2d 889, 892 (Mo. banc 1970). "Pursuant to this objective, Missouri courts have interpreted the [long-arm statute] broadly so as not to deny jurisdiction under § 506.500 in situations in which the Due Process Clause would permit the assertion of personal jurisdiction." *State ex rel. Newport v. Wiesman,* 627 S.W.2d 874 (Mo. banc 1982). In *Wiesman,* the Missouri Supreme Court addressed the "arising out of" language in the long-arm statute. The plaintiff in that case was a resident of Missouri who had been injured in a plane accident in Georgia. Claiming personal injury damages,

he filed suit in Missouri against Beech Aircraft Corporation, the manufacturer of the plane which crashed in Georgia. Beech Aircraft's only contact with the State of Missouri was the authorization of two franchise dealerships which sold and serviced Beech Aircraft. None of the aircraft sold in Missouri through these franchises were similar to the aircraft involved in the accident in Georgia. Nonetheless, the Missouri Supreme Court found that the plaintiff's claim arose out of Beech Aircraft's contacts with Missouri, relying in part on the coextensiveness of the Missouri long-arm statute and the Due Process Clause.

■ In rebuttal, Brazoria County cites the cases of *Wooldridge v. Beech Aircraft Corp.,* 479 F.Supp. 1041 (W.D.Mo.1979) and *United Missouri Bank of Kansas City, N.A., v. Bank of N.Y.,* 723 F.Supp. 408, 411 (W.D.Mo.1989) for the proposition that "the Missouri long-arm statute is not effective to extend jurisdiction to the full limits allowed under the Due Process Clause, because due process permits the assertion of general personal jurisdiction over a nonresident defendant." This Court cannot concur with those decisions for two reasons. First, the Missouri Supreme Court has spoken authoritatively on the issue and the Court is bound to follow Missouri law on this issue. FED.R.CIV.P. 4(e)(1). Second, long-arm statutes are simply irrelevant to general jurisdiction. By definition, general jurisdiction only exists where a defendant's contact with the forum state is so pervasive and continuing that the defendant is effectively deemed to be a resident for purposes of personal jurisdiction. The long-arm statute, which applies to nonresident, would not be applicable in such a case.[1]

---

1. Some of the confusion on this matter may be attributable to those cases which suggest that there is no need to address the Missouri long-arm statute at all because the only issue is whether the due process standard has been satisfied. This suggestion is incorrect. *Weisman* and its progeny stand for the proposition that the *language* of the long-arm statute should be interpreted to reach as far as the Due Process Clause will permit, but in all cases involving specific jurisdiction, a court must first determine whether the long-arm statute applies. When making that determination, however, a court must give the broad-

To come within the language of the applicable Missouri long-arm statute, the Plaintiffs must show that Brazoria County entered into a contract in the State of Missouri. This is undisputed. The claims against Brazoria County, however, must also "arise out" of that contract. Some of Plaintiff's claims are based on the contract itself and as to those claims long-arm jurisdiction is clearly established. Mo.Rev. Stat. 506.500.[2] As to the Plaintiff's non-contract claims, the personal jurisdiction question requires more analysis.

The Missouri long-arm statute uses the term "arises out of" and the U.S. Supreme Court uses the phrase "arise out of or relates to" when it analyzes the Due Process Clause in the context of specific personal jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Because the "arising out of" nexus is required by both the Constitution and the long-arm statute, and because the "arising out of" language in the Missouri long-arm statute must be read as broadly as the Constitution, the only remaining question is whether the Due Process Clause permits this suit against Brazoria County to be brought in Missouri.

## II. DUE PROCESS

■ "The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposely established minimum contacts in the forum state." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Those "minimum contacts must have a basis in 'some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano County*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King*, 471 U.S. at 475, 105 S.Ct. 2174). "When a corporation purposely avails itself of the privilege of conducting activities within the forum state, it has a clear notice that it is subject to suit there and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the state." *World–Wide Volkswagon Corporation v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (quoting *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)). The exercise of jurisdiction must also be reasonable, taking into account such factors as (a) the burden on the defendant; (b) the interest of the forum state, (c) the plaintiff's interest in obtaining relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, (e) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal*, 480 U.S. at 113–14, 107 S.Ct. 1026.

■ The seminal test for determining personal jurisdiction in a contracts case is found in *Burger King*, 471 U.S. at 479, 105 S.Ct. 2174. The court must take into account prior negotiations, contemplated future consequences, the terms of the contract and the parties actual course of dealing. The contract in this case contemplated an ongoing relationship between the State of Missouri and Brazoria County. The contract was for a one year period,

est interpretation to the language of the long-arm statute that is consistent with the Constitution.

**2.** Brazoria County seems to believe that as to the Plaintiff's contract claims, the Court must first decide the third-party beneficiary issue before addressing personal jurisdiction. If the merits of a claim had to be addressed before jurisdiction could be resolved, many of the benefits of personal jurisdiction limitations would be lost. Also, because the Court finds that there is personal jurisdiction on the Plaintiffs' federal claims, it would be especially inefficient to resolve the merits of the contract claims at this stage.

with a provision for three annual renewals. There were a substantial number of Missouri prisoners housed in Brazoria County and the contract required the county to notify Missouri, in writing, and to obtain advance authorization for non-emergency medical, dental or psychiatric care not covered under enumerated routine services. Prisoner deaths or escapes were to be reported to the State of Missouri immediately. Brazoria County received continuing payments from Missouri for the housing and supervision of Missouri prisoners. Brazoria County knew that when the contract was terminated, the prisoners would be returned to Missouri. These are not random fortuitous or attenuated connections with Missouri. Furthermore, the foreseeable consequences of the contract have had a substantial impact on Missouri, including adverse publicity and Plaintiffs' claims in this case against Missouri state employees.

The contract also states that it is to be "governed in all respects by the laws of the state (Missouri) and any litigation with respect thereto shall be brought in the courts of the state." (Doc. # 26, Ex. A at 8.) Brazoria County contends that the Magistrate Judge erred by interpreting the choice of law and forum selection language in the contract to be its consent to suit in Missouri for noncontractual claims by the Plaintiffs. Even if the Court were to disagree with the Magistrate Judge's conclusion on this issue, the choice of law and forum selection clauses are evidence that Brazoria County availed itself of the privileges of conducting activities within the forum state, thus invoking the benefits and protection of its laws. The purpose of personal jurisdiction rules is to permit a party not to affiliate with a foreign state. If a party wants the benefits of such an affiliation, however, the party also carries the burdens. If Brazoria County needed to enforce its contract, it would do so in Missouri courts. Brazoria County clearly availed itself of the benefits of the forum state, even if the forum selection clause is not a specific consent to jurisdiction.

The next question is whether the Plaintiffs' claims "arise out of or relate to" the contract that Brazoria County has with the State of Missouri. It is important to note that the standard is in the disjunctive. The claim must arise out of *or* relate to the contacts that a defendant has with the forum state. The purpose of the contract between Brazoria County and Missouri was to provide housing and supervision for Missouri prisoners. Brazoria County's forum activities were directed at these Missouri prisoners who were Missouri residents. *See Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). The only reason the Plaintiffs were in Brazoria County is because of the contract with Missouri. The nexus between the prisoners and Brazoria County, therefore, was proximately caused by the contract.

Brazoria County objects to the "but for" finding by the Magistrate Judge arguing that the "but for the existence of the contract" analysis has no support in caselaw. Yet, in *Burger King*, itself, the United States Supreme Court refers to proximate cause as the measure of whether something arises out of a defendant's forum activities. "... [W]here individuals 'purposefully derive benefit' from their interstate activities, ... it may well be unfair to allow them to escape having to account in other states for consequences that arise *proximately* from such activities." *Burger King*, 471 U.S. at 473–74, 105 S.Ct. 2174 (emphasis added). In the lower courts, there is also strong evidence that a "but for" analysis is being used. *Creech v. Roberts*, 908 F.2d 75, 80 (6th Cir.1990), *cert. denied*, 499 U.S. 975, 111 S.Ct. 1619, 113 L.Ed.2d 717 (1991); *Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 909, (6th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988); *Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209 (7th Cir.1984); *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir.1981).

In *Terra International, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 694 (8th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 629, 139 L.Ed.2d 609 (1997), the court noted that "while these tort claims do not center around a disagreement over the specific terms of the license agreement, one could argue that they relate to the agreement's interpretation because the tort claims directly involve the entire subject matter of the license agreement." Similarly, the prisoner's claims relate to the subject matter of the contract. Indeed, the Plaintiffs' claims are more clearly related to the Missouri/Brazoria County contract than the tort claim was to the contract in *Terra Int'l.* Brazoria County seeks to distinguish *Terra Int'l* because the tort claim in that case was being asserted by a party to the contract and, in contrast, the Plaintiffs are not parties to the Missouri/Brazoria County contract. This factual distinction, however, does not alter the *Terra Int'l* court's reasoning that the required nexus was met because the tort claim was related to the subject matter of the agreement. Nor does it make a difference in this case where the Plaintiffs' claims are so foreseeable and closely related to the contract.

Brazoria County also objects to personal jurisdiction in Missouri because the contract provides that it does not create a right of action under the contract for anyone other than the parties. Brazoria County seems to suggest that this language could somehow curtail the territorial jurisdiction of the State of Missouri. While the courts have held that consent to jurisdiction is permissible, and waiver of jurisdiction by failing to raise it will subject a party to personal jurisdiction in the forum state, the Court is unaware of any case which says that the parties, by contract, may limit the territorial power of a state court.

Finally, it is reasonable to subject Brazoria County to the personal jurisdiction of Missouri courts. The burden on Brazoria County is minimal, particularly given that it expected to sue and be sued in Missouri for any direct contract claim. The forum has a strong interest in pursuing the suit here because the Plaintiffs are here and it would be burdensome and a potential security risk to transport the Plaintiffs to Texas. State employees are codefendants in this matter and the State has a direct interest in a proper allocation of fault in a single forum. In terms of interstate administration of justice, it makes no sense to have the case against some Defendants in Missouri and some Defendants in Texas when the factual issues are interwoven.

## III. CONCLUSION

Accordingly, the court adopts the recommendation of the Magistrate Judge that defendant Brazoria County's motion of May 18 and July 24, 1998, to dismiss for lack of jurisdiction be denied.